## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

FILED

| | |
|---|---|
| IN RE:<br><br>Mary Capers,<br><br>Debtor. | C/A No. 06-00446-JW<br><br>Chapter 13 |
| W. Clarkson McDow, Jr., United States Trustee for Region Four,<br><br>Plaintiff<br><br>-vs-<br><br>Mary Capers,<br><br>Defendant. | C/A No. 06-80042-JW<br><br>ORDER |

ENTERED APR 1 2 2006 K.E.P.

This matter comes before the Court on Complaint of W. Clarkson McDow, Jr. ("Trustee"), seeking to deny Mary Capers ("Debtor") a discharge in her current bankruptcy case pursuant to 11 U.S.C. § 1328(f)(1). Trustee has the autority to bring this action pursuant to his statutory authority as set forth at 28 U.S.C. § 586. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding appropriately exists in this district. 28 U.S.C. § 1409(a). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

### FINDINGS OF FACT

1. Trustee is the United States Trustee for Region Four.

2. Debtor is domiciled in the State of South Carolina. She is the debtor in this chapter 13 bankruptcy case pending before this Court, Case No. 06-00466-W.

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

3. Debtor filed the voluntary petition in this case under chapter 13 on February 6, 2006, in the United States Bankruptcy Court for the District of South Carolina ("Second Case").

4. Previously, on July 31, 2002, Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of South Carolina, Case No. 02-08969-W ("First Case").

5. On June 30, 2003, Debtor voluntarily converted the First Case to a case under chapter 7.

6. On October 21, 2003, Debtor received a chapter 7 discharge in the First Case.

7. Debtor filed her pending chapter 13 case approximately three years and six months after filing her First Case.

## CONCLUSIONS OF LAW

Section 1328(f) was enacted as a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) and went into effect on October 17, 2005. See Pub. L. 109-8 (2005). Section 1328(f) provides:

> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge--
>
> > (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
> >
> > (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

11 U.S.C. § 1328(f).

In this case, Debtor initiated this chapter 13 proceeding less than four years, but more than two years, after the date she commenced her First Case.[2] Debtor argues that because she

---

[2] Before the Court is the limited issue as to whether the conversion of a chapter 13 case to a chapter 7 triggers either § 1328(f)(1) or (2) in the Second Case. The Court does not reach a conclusion as to whether either discharge

2

initially filed the First Case under chapter 13, we must look to subsection (2) of § 1328(f) to determine whether that subsection denies her a discharge and not subsection (1), even though she converted to chapter 7 and received a chapter 7 discharge. In other words, Debtor asks the Court to conclude that she did not "file" a chapter 7 case even though she received a discharge under that chapter. Debtor argues that § 1328(f) determines eligibility for a discharge based solely on the initial chapter of the previous case, without regard to the chapter under which the previous discharge was granted. If Debtor is correct, § 1328(f) does not prohibit her from receiving a discharge in her pending bankruptcy case.

The Trustee argues that both the language of § 1328(f) and the policy implemented by the section support a finding that the defendant received a discharge in a case filed under chapter 7 and that § 1328(f)(1) requires that the defendant be denied a discharge in her pending case. This Court agrees with the Trustee.

Debtor's position is not supported by either the Bankruptcy Code or the legislative history of § 1328(f). Debtor would have the Court construe the "filed under…." language of § 1328(f)(1) as controlling and thus entitling her to a discharge in this case because the First Case was initially filed as a chapter 13. This argument ignores the effect of the conversion of the previous case under § 348. "Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted…." 11 U.S.C. § 348(a). This section does not change the filing date of the case but rather the converted case is deemed to be filed under the chapter to which the case is converted. See Resendez v. Lindquist, 691 F.2d 397, 399 (8th Cir. 1982) (holding pursuant to § 348(a) that when there is a conversion of chapter 13 bankruptcy proceeding to chapter 7

---

prohibition period of § 1328(f) commences upon the filing of the First Case or upon the issuance of the discharge in the First Case.

proceeding, debtors are deemed to have filed a chapter 7 case at time the chapter 13 case was filed); In re Bullock, 41 B.R. 637, 640 (Bankr. E.D. Pa. 1984); In re Spoon, 185 B.R. 758, 760 (Bankr. W.D. Tenn. 1995). Because Debtor is deemed to have filed her First Case as a chapter 7 pursuant to § 348(a) and because she received a chapter 7 discharge, she is not eligible for a discharge in this case under § 1328(f)(1).

This result is consistent with the legislative history of § 1328(f). This section was amended by § 312 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. See S. 256, 109th Cong. § 312 (2005). According to the House Report, § 312 was enacted to "prohibit the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a prior chapter 7, 11, or 12 case within four years preceding the filing of the subsequent chapter 13 case." See H.R. Rep. No. 109-31(I), at 76 (2005). Adoption of Debtor's mechanical reading of § 1328(f) would frustrate the policy that Congress sought to implement through the provisions of the section. Clearly, Congress sought to lengthen the time between the discharges debtors receive under chapters 7, 11, 12, and 13 and subsequently filed chapter 13 cases. Just as clearly, Congress determined that the length of time between discharges should be greater for debtors who had received a discharge in a previous chapter 7, 11, or 12 case than for debtors who previously received a chapter 13 discharge. Debtor fits within the category of debtors not eligible for a discharge because this case was commenced less than four years after Debtor's discharge in a prior chapter 7 case. Assuming the literal application of § 1328(f)(1) produces the result advocated by Debtor, the Court must reject this interpretation because it is clearly at odds with the expressed congressional intent. See Hillman v. I.R.S., 263 F.2d 338, 342 (4th Cir. 2001) (noting this exception to the literal application of a statute) (citing and quoting Sigmon Coal Co. v. Apfel, 226 F.3d 291, 304 (4th Cir. 2000)) (internal citations omitted).

Debtor would have this Court conclude that Congress sought to limit a debtor's opportunity to receive a discharge in a subsequent filing based solely on the chapter under which the previous case was filed, without regard to the type of discharge the debtor received in the previous case. This reading of the statute is illogical. Moreover, while such a reading may work to Debtor's advantage in this case, it would work to the significant disadvantage of debtors who filed a chapter 7 case, but converted to chapter 13 and received a discharge. Those debtors, who convert from a chapter 7, successfully complete a chapter 13 plan, and received a discharge, would face a longer discharge prohibition period than the debtors that file under chapter 13 and fail, or for some other reason convert to a chapter 7.

Finally, if Debtor's interpretation of the statute prevailed, it may encourage debtors seeking a chapter 7 discharge to initially file their case under chapter 13 and convert to chapter 7 to ensure that subsection (1) would not apply to them. The Court doubts that Congress intended such a result.

## CONCLUSION

For the reasons set forth herein, the relief requested by the Trustee is granted. Debtor is not eligible for a discharge in her current chapter 13 case and therefore the Court denies Debtor a discharge in this case pursuant to § 1328(f)(1).

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
April 12, 2006